IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2019

**BETTY CAITLIN NICOLE SMITH v. ZACHARY TAYLOR DANIEL**

Appeal from the Chancery Court for Maury County
No. 19-515   Christopher V. Sockwell, Chancellor

———————————————————

**No. M2019-02083-COA-T10B-CV**

———————————————————

This is an appeal from the denial of a motion for recusal. After carefully reviewing the record provided by the pro se appellant, we affirm the decision of the trial court denying the motion for recusal.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Betty Caitlin Nicole Smith, Hopkinsville, Kentucky, Pro Se.

**OPINION**

**I. FACTS & PROCEDURAL HISTORY**

Betty Caitlin Nicole Smith ("Mother") and Zachary Taylor Daniel ("Father") were divorced in Florida in 2017. Since then, they have been involved in post-divorce child custody litigation in Florida, Kentucky, and Tennessee. On September 20, 2019, Mother filed a petition for dependency and neglect and for an emergency custody order in the juvenile court of Maury County, Tennessee. The juvenile court held a hearing on September 23, 2019, and after the close of Mother's proof, the juvenile court dismissed Mother's petition. The juvenile court's order states that the court limited Mother's evidence to events occurring since July 18, 2019, the date of the Florida court's order, "as all previous matters [were] already adjudicated in [Florida]." The juvenile court of Maury County found no "new actions or issues" indicating immediate or irreparable harm and dismissed the petition for dependency and neglect and emergency custody, ruling that the child would remain in the custody of Father.

Days later, Mother filed a petition for an order of protection for the child and a petition for custody in the chancery court of Maury County (although the actual petition does not appear in the record before us).[1] The chancery court held a hearing on the petition for an order of protection on October 11, 2019. We do not have a transcript of the hearing in the record before us, or an order regarding the petition for an order of protection, but after the hearing, Mother filed a "Motion to Set Aside Time," asking the court to reserve four to five hours for the next hearing, which would address the matter of custody. Within the "Motion to Set Aside Time," Mother asserted that she had many "concerns" after the first hearing in chancery court. For example, she said that "[a]t the beginning of the hearing it was stated that the petitioner was to begin as the petitioner, but instead the Respondent's attorney who began the hearing [sic]." Mother claimed that she was "not fairly allowed to present her case." She alleged that the trial court denied her a hearing in violation of her due process rights. According to Mother's motion, "This Honorable court stated it would not rule on the bruising from September 20th 2019, because the Honorable Juvenile Court had already ruled on it, when in reality no it had not." Mother asserted that the trial judge did not "fully" read the juvenile court's order and was not familiar with her filings. She alleged that she "felt a large sum of bias" from the court and could not help but to feel that it was because she was proceeding pro se. Mother also claimed that the trial court failed to resolve or even mention her previous request to proceed as indigent. As such, Mother asked the trial court to become familiar with the file before the next hearing, "[r]emove any bias this Honorable Court may have," and treat her as it would an attorney.

A second hearing was held on October 28, 2019. Again, we do not have a transcript of the hearing in the record. However, after the hearing, Mother filed a motion for recusal of the trial judge. She repeated her complaints about the first hearing, regarding Husband's attorney beginning the hearing, the trial judge's ruling that he would not address the allegations already resolved by the juvenile court, her claim that she was not permitted to fairly present her case, and her belief that the trial judge was biased

---

[1] In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition. *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). Rule 10B requires the appellant's petition to "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

We note that the recusal motion and several other documents Mother provided to this Court on appeal are not file-stamped copies. As such, we cannot conclusively determine that the copies provided by Mother as part of the record for our review are copies of the actual documents filed by Mother in the trial court. Without the trial court clerk's file stamp, we simply cannot be certain. For purposes of our decision, however, we have treated the documents submitted by Mother as copies of the documents filed in the trial court. *See Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at *3 n.1 (Tenn. Ct. App. Nov. 30, 2012) (doing the same). However, litigants should be cautioned that we may not proceed in the same manner in the future.

against her for proceeding pro se. Mother also added complaints about the second hearing. She claimed that Father's attorney was again "the one to begin court" and that she was "treated differently" than attorneys. Next, Mother contended that an order had been entered on October 25, between the dates of the two hearings, without her knowledge. She also alleged that the trial judge refused to answer her questions about Thanksgiving visitation with the child. Mother maintained that the trial judge was biased against her for proceeding pro se and asked the trial judge to recuse himself.

On November 22, 2019, the chancery court entered an order denying Mother's motion to recuse. The order states that the trial judge had no contact with or knowledge of Mother prior to the filing of her petition, and the trial judge's only contact with Mother occurred at the two hearings on October 11 and October 28. The order notes Mother's claim that she "felt" bias in open court but could not articulate a specific violation of any legal ground. The trial judge specifically addressed Mother's complaints of bias regarding the first hearing. It noted Mother's allegation that her petition for an order of protection was not heard and that her due process rights were violated. The order states that the trial judge specifically asked Mother if there were any issues in her current petition for an order of protection that had not been dealt with in the Florida court and the juvenile court of Maury County. The order states that the trial judge informed Mother that she would not be allowed to relitigate the same issues that had been brought before those courts. The order states that the chancery court then denied the request for an order of protection on the basis that the matters in her petition had been previously litigated in juvenile court and in Florida.

Next, the order addressed Mother's complaints regarding the second hearing, held on October 28, on custody matters. The order acknowledges that Mother "wanted to be heard" on her petition for change of custody. However, the trial judge noted that Mother had not requested an emergency custody hearing but only a change in custody. According to the order, the trial judge informed Mother that the full hearing on the petition to change custody would not be held that day, as Father still had time remaining to file an answer and response under the Tennessee Rules of Civil Procedure. Additionally, the clerk and master was still in the process of organizing the files and records sent from the Florida court. The order states that the trial judge informed Mother that her petition would be heard at the appropriate time.

Finally, the trial judge acknowledged Mother's claim that she sensed bias by the way the trial judge looked at her. The trial judge dismissed this as nothing more than a feeling and found that recusal was not warranted. Mother timely filed a notice of appeal to this Court. Based on our review of the petition and supporting documents, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

## II. Standard of Review

We review the denial of a motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B § 2.01. The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted the motion for recusal. *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 546 (Tenn. Ct. App. 2017). We do not review the merits or correctness of the trial court's other rulings. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

## III. Discussion

On appeal, Mother maintains that the trial judge was biased against her from the beginning of this case. We note that the petition she filed on appeal spans thirty pages, while the recusal motion she filed in the trial court spanned only four. Mother raises a host of additional arguments in her petition on appeal that were not presented in the recusal motion. However, we must limit our review on appeal to the matters Mother raised in her motion for recusal before the trial court. *See In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *3 n.3 (Tenn. Ct. App. Aug. 31, 2016) (declining to review other rulings made by the trial judge over the course of the proceedings that allegedly demonstrated bias when the appellant discussed the rulings on appeal but did not include them in his recusal motion); *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014) (declining to address additional allegations of bias raised in a petition to this Court but not in the motion for recusal presented to the trial judge because review under Rule 10B is limited to the trial court's denial of the recusal motion).

"Litigants in Tennessee have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). A judge must disqualify himself or herself in any proceeding in which his or her impartiality might *reasonably* be questioned, including when the judge "'has a personal bias or prejudice concerning a party[.]'" *Elseroad*, 553 S.W.3d at 466 (quoting Tenn. Sup. Ct. R. 10, RJC 2.11(A)). A judge must disqualify himself or herself if "'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Holsclaw*, 530 S.W.3d at 69 (quoting *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008)).

The words "bias" and "prejudice" usually refer to a state of mind or attitude that predisposes a judge for or against a party, but not every bias or prejudice merits recusal. *Elseroad*, 553 S.W.3d at 466 (citing *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). "To merit disqualification of a trial judge, 'prejudice must be of a personal character, directed at the litigant, must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . .

participation in the case.'" *Id.* (quoting *Alley*, 882 S.W.2d at 821).

Mother insists that the trial judge demonstrated bias toward her during the two hearings in chancery court. However, our ability to review her arguments is hindered by the lack of a transcript from either hearing. In her motion for recusal, Mother claimed that she "felt the bias of the court for being Pro Se." According to Mother, "it was stated that the petitioner was to begin as the petitioner, but instead it was the Respondent's attorney who began the hearing." She also claimed that the trial judge "did not look over the files made by [Mother], and was unaware of the details of the case," and she "was treated differently than attorneys." Without more details, however, these vague allegations do not sufficiently demonstrate a personal bias directed at Mother that would require recusal of the trial judge. "The party seeking recusal bears the burden of proof." *In re Samuel P.*, 2016 WL 4547543, at *2 (citing *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "'[a] party challenging the impartiality of a judge must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke*, 398 S.W.3d at 671). Without a transcript or a more detailed account of what occurred during the hearing, we find no reasonable basis for questioning the judge's impartiality in the conduct of the hearing.

Next, Mother contends that the trial judge dismissed her petition for an order of protection without holding a hearing, violating her rights to due process. Again, we do not have a transcript of the hearing or a copy of any order of dismissal. However, the trial judge stated in his order denying the motion for recusal that he dismissed Mother's petition because the matters in her petition had been previously litigated in juvenile court and in Florida. Mother conceded in her motion for recusal that the trial court informed her that "it would not rule on the bruising from September 20th 2019, because the Honorable Juvenile Court had already ruled on it[.]" Mother claims that this ruling was erroneous. However, the fact that the trial judge ruled in a manner that was adverse to Mother, or even (in her opinion) erroneous, does not warrant recusal. Adverse rulings from a trial judge "are not usually sufficient to establish bias." *Boren*, 557 S.W.3d at 548. "'Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Id.* at 548-49 (quoting *Cannon*, 254 S.W.3d at 308). "'If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case[.]'" *Id.* at 549 (quoting *Davis v. Liberty Mutual Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001)). Thus, a recusal motion is not the appropriate means to challenge a trial court's ruling based on its interpretation of the facts and the law. *See id.* at 549-50.

In her recusal motion, Mother also complained that she learned during the second hearing, on October 28, that an order had been entered by the trial judge on October 25

without her notice. However, the order at issue was simply a one-paragraph order accepting transfer of the record from the Florida court, and it contains a certificate of service reflecting that a copy was mailed to Mother at her address in Kentucky. Mother concedes on appeal that she received a copy of the order on October 29. We also note that Mother was aware of the fact that the record would be transferred. She filed a motion in the Florida court stating that she did not object to Florida's loss of jurisdiction and that Tennessee should exercise jurisdiction over the custody matter. Mother's claimed lack of notice of the chancery court's order accepting the record does not warrant recusal of the trial judge.

Mother's recusal motion also mentioned that the trial judge "refused to have the Petitioner's question of when Thanksgiving Break would be [sic]." However, the trial judge explained in his order denying the recusal motion that he declined to have a full hearing on custody at that time because Father still had time to respond to Mother's petition, and the clerk was still compiling the record from Florida. Mother has not demonstrated any basis for recusal of the trial judge in relation to this or any other issue.[2]

## IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Betty Caitlin Nicole Smith, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[2] We note that on November 13, 2019, while the recusal motion was pending, Father filed a petition requesting an ex parte emergency restraining order and a Rule 35 mental health evaluation of Mother. The ex parte restraining order was entered by the trial court. However, Mother filed a response, arguing that the trial judge should not have entered the ex parte order while a motion for recusal was pending. According to Mother's filings on appeal, the trial judge later "voided" the ex parte order. Because the ex parte order was apparently vacated, and we have affirmed the trial court's denial of the motion to recuse, any issues regarding the entry of the ex parte order are now moot. *See Largen v. City of Harriman*, No. E2017-01501-COA-R3-CV, 2018 WL 3458280, at *2 n.2 (Tenn. Ct. App. July 17, 2018) (recognizing that the trial court entered an order while a motion for recusal was pending but then "set aside the [] order and then reinstated the order's provisions in a subsequent order after ruling on the recusal motion in accordance with Rule 10B § 1.02"); *In re Conservatorship of Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159, at *3 (Tenn. Ct. App. Sept. 17, 2012) (concluding that an issue regarding the trial court's entry of an order while a motion to recuse was pending was "moot in light of our decision affirming the denial of the motion for recusal").